IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN BRANCH** : | : | CIVIL ACTION |
| *Plaintiff,* : | : | |
| : | : | |
| v. : | : | No.   20-2323 |
| : | : | |
| **TEMPLE UNIVERSITY, et al.** : | : | |
| *Defendants.* : | : | |

## MEMORANDUM

If at first you don't succeed…..

The complaint in this matter was filed by the Karpf firm on May 18, 2020 and responded to by the Stradley firm on August 28, 2020.

The Rule 26 (f) report was filed on September 16, 2020.  In the report, Stradley specifically noted its defense to the action was that Plaintiff was not making his required rounds as evidenced by his not signing log books and Defendant has security video footage of Plaintiff getting into his car, driving off campus and then returning several hours later, shortly before he clocked out at the end of the shift.  Neither party outlined a discovery plan or brought issues to the Court's attention.  It was submitted as a straightforward employment discrimination case.

A scheduling order was issued, which closed fact discovery on 12-21-20 and expert discovery on 2-19-21, and the Court later approved the parties' stipulation to complete fact discovery up through 2-19-21 on what seemed still to be a basic employment case with a straightforward and very pointed defense, that is, the Defendant was walking off the job and then returning to clock in and we have it on film.

Magistrate Heffley scheduled a settlement conference for December 15, 2021, which was then moved until March 15, 2021.

On January 19, 2021 this Court denied Defendant's motion for reassignment and consolidation with separate suit filed by Branch by a different lawyer against the Union.

On February 18, Stradley by lead counsel Banks, and Brown filed a Motion to Extend Discovery Deadlines according to a stipulated schedule, moving the Discovery until March 22, 2021.  The motion represented that no depositions had yet been taken.  This was a big red flag for a simple case and the other representations in the motion demonstrated to the Court that counsel were exasperated with each other and that the case was off schedule and off track.  The Court denied the motion without prejudice and ordered the parties essentially to meet, try to get the case on track and file a status report that "should clearly outline what discovery is outstanding and the dates of any remaining depositions."  The

Court scheduled a status conference to be held after the joint report was filed to ensure that there was a solid reset and foundation from which to complete discovery in an efficient manner and proportional to the type and nature of the case.

The status report was timely filed on February 17, 2021 and the Court determined upon review, that it did not need the status conference. It mooted a Motion to Compel as well.  There did not appear much more to do in discovery as the depositions planned for that week appeared to have been taken and the Court, wanting to be reasonable and to accommodate counsel, essentially granted the request for extension without the need for it to further inquire based on the representations of the Karpf firm and the Stradley firm.  Most notably, Stradley makes no mention in the report of its intent or need to pursue third party productions through subpoena or otherwise.  If it had done so, the Court would have had the conference and conducted the compel hearing, which would have required Stradley's lead attorney to be present and firmly set the parameters of this new quest.  In fact, Stradley's concern was with the overbroad nature of Karpf's outstanding discovery but it seemed counsel could work it out.

Stradley though, instead of following the plan of the joint status report presumably outlining clearly the remaining discovery as required by the court, unilaterally moved the goalposts.  For the first time in this litigation, through the

subpoenas and the motion to quash, the Court is hearing that Stradley wants to find out if Mr. Branch was working for other employers after he clocked in with Temple.  Fair enough, if within a reasonable time frame, and if Stradley had indicated in the joint status report that it was taking this additional luxury of 30 days granted it to wrap up discovery to pursue six subpoenas of six former employers of Mr. Branch going all the way back to 2012 and in the subpoena demanding: "ANY AND ALL EMPLOYMENT/PERSONNEL RECORDS, WORKERS' COMP CLAIMS, DATES OF ATTENDANCE, APPLICATIONS, PERFORMANCE RECORDS, REVIEWS, EVALUATIONS, EARNINGS, MEDICAL REPORTS, ETC. PERTAINING TO STEPHEN BRANCH."

On this record as it developed and the representations made to this Court in the joint report, by any standard, this is not only overbroad, it is vexatious, harassing and exasperating to the litigants, to the attorneys, to the third parties and to the Court which is again diving back into this record and going over representations, dates, and timelines and now writing an opinion.  Karpf has alleged it tried to work with Stradley to work out some form of agreement here. But that is beside the point given that the foundation of granting another 30 days was not to go down this new road, a road that could have been taken immediately or soon after the Rule 16 meeting given the defense from the outset, but to wrap up discovery as planned and not open a whole new avenue.  In fact, Karpf was

required to file this motion to quash subpoenas that any intellectually honest review of this record would indicate that are outrageously broad and almost entirely irrelevant from the beginning and draws into question whether Stradley has decided to take this strident, cumbersome approach on all these employee cases and what is the wisdom in doing so.

     The motion to quash these six subpoenas is granted.  Five hundred dollars in attorneys' fees for its efforts in trying to accommodate Stradley on the subpoenaed information and for time in preparing and filing this petition is awarded to the Karpf firm to be paid by the Stradley firm within fourteen (14) days. Separate orders will issue.

     If Stradley seeks to reconsider either or both of these orders, the motion must be signed by Lead Counsel after a thorough review of this docket and the filings.

DATE: February 24, 2021            BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**